81 F.3d 167
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Demariz ALVAREZ-CHAVEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70500.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 7, 1996.*
Decided March 14, 1996.
 
 1
 Before: PREGERSON, T.G. NELSON, Circuit Judges, and EZRA,** District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Petitioner Demariz Alvarez-Chavez petitions for review of the decision of the Board of Immigration Appeals ("BIA") denying her application for asylum, withholding of deportation, and voluntary departure under Sections 208(a), 243(h) and 244(3) of the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1158(a), 1253(h) and 1254(e). We deny the petition.
 
 ANALYSIS
 A. Standard of Review
 
 4
 When, as here, the BIA clearly incorporates the IJ's decision and does not perform an independent review of the record, we review the IJ's decision. Alaelua v. INS, 45 F.3d 1379, 1381-82 (9th Cir.1995) We review the factual determinations underlying a denial of asylum, withholding of deportation, or voluntary departure under the "substantial evidence" standard. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). We are required to uphold the IJ's decision unless the evidence presented compels a reasonable factfinder to reach a contrary result. Abedini v. INS, 971 F.2d 188, 191 (9th Cir.1992).
 
 B. Asylum and Withholding of Deportation
 
 5
 To be eligible for asylum, an applicant must show that she is unable or unwilling to return to her own country because of (1) past persecution or a well-founded fear of future persecution, (2) on account of race, religion, nationality, membership in a particular social group, or political opinion. INA § 101(a)(42), 8 U.S.C. § 1101(a)(42) (1988). See Prasad v. INS, 47 F.3d 336, 338 (9th Cir.1995); INS v. Elias-Zacarias, 502 U.S. 478, 481-82 (1992).
 
 
 6
 The IJ found that Alvarez failed to establish eligibility for asylum because there was "no evidence that she was ever the victim of past persecution," nor any "persuasive evidence of any threat of persecution," and because no "reasonable person [in her situation] would fear persecution upon return for any of the five reasons required by the [INA]." (Administrative Record ("A.R.") at 50-51.) We conclude that there was substantial evidence to uphold the IJ's finding that Alvarez failed to demonstrate her eligibility for asylum.
 
 
 7
 Alvarez cited past instances of being forced to serve in the army beyond her required tour of duty, being forced to serve despite a pregnancy, and being sought by the police. While these occurrences might be interpreted as persecution, in the circumstances of this case they do not satisfy the statutory requirements for asylum. Under the statute, Alvarez must show not only that these actions against her occurred, but that they occurred on account of her race, religion, nationality, social group, or political opinion. See INA § 101(a)(42), 8 U.S.C. § 1101(a)(42) (1988); INS v. Elias-Zacarias, 502 U.S. 478, 481-82 (1992). Although she claimed that these actions were taken on account of her political opinion, she did not provide any evidence that her political opinion was connected to the occurrences she cites as evidence of persecution.
 
 
 8
 We conclude that Alvarez failed to demonstrate a connection between the events she cites as evidence of persecution and any of the grounds enumerated in the INA. We thus affirm the IJ's decision denying asylum to Alvarez because substantial evidence supports the finding that she was ineligible for asylum.
 
 
 9
 Both asylum and withholding of deportation require a showing of persecution based on one of the five enumerated grounds. Withholding of deportation, however, places a greater burden on the applicant. Rather than asylum's "reasonable fear" of persecution, an applicant for withholding of deportation must show that there is a "clear probability of persecution." INS v. Cardoza-Fonseca, 480 U.S. 421, 449-50 (1987). Therefore, an applicant's failure to satisfy the lesser standard of proof for asylum necessarily results in her failure to demonstrate a right to withholding of deportation. See Acewicz v. INS, 984 F.2d 1056, 1062 (9th Cir.1993). We conclude that because Alvarez failed to meet the standard for asylum, she necessarily failed to demonstrate that she was entitled to withholding of deportation.
 
 C. Voluntary Departure
 
 10
 To be eligible for voluntary departure, an applicant must be (1) a person of "good moral character" for at least the five years preceding her application for relief, (2) willing to depart from the United States, and (3) able to leave at her own expense. INA § 244(e), 8 U.S.C. § 1254(e).
 
 
 11
 The IJ found that Alvarez was ineligible for voluntary departure because she did not demonstrate the ability to leave at her own expense. Indeed, Alvarez testified that she did not have the means to leave the United States at her own expense. She also testified that she could not obtain the money from her relatives.[1] Her testimony therefore provides substantial evidence to support the IJ's finding that she is ineligible for voluntary departure.
 
 
 12
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The transcript reveals the following three questions asked by Alvarez's attorney and answered by Alvarez:
 Q: Do you have enough money to pay your passage out of the United States?
 A: No.
 Q: Could you get the money to pay your passage?
 A: Not that either because my mother ... my sister is the one that is a resident here but she has too many children....
 Q: If the Judge gives you a date to leave by after all this, will you leave on or before the date that the Judge indicates?
 A: The problem is the money. (A.R. at 40-41.)